Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

Division

FILED BY _____ D.C.

APR 12 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

| | |
|---|---|
| Delta Danielle Harris | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | |
| Deb Haaland, Secretary of the U.S. Department of the Interior/FWS | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

A.   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Delta Danielle Haris |
| Street Address | 405 Autumn Terrace |
| City and County | Sebastain --Indian River County |
| State and Zip Code | Fl 32958 |
| Telephone Number | 7725019838 |
| E-mail Address | deltaharris7@gmail.com |

B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Deb Haalnad |
| Job or Title *(if known)* | Secretary of the U.S. Department of the Interior |
| Street Address | 1849 C Street, N.W. |
| City and County | Washington DC 20240 |
| State and Zip Code | Washington DC 20240 |
| Telephone Number | (202) 208-3100 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question               ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, Civil Rights Act of 1964, Title VII.
2.   The unlawful employment practices alleged were committed and/or executed by supervisory personnel/management of the U.S. Department of the Interior/ Fish & Wildlife Service ("the employer").
3.   This Court has jurisdiction pursuant to 42 U.S.C. §§ 12112 to 12117, Americans with Disabilities Act of 1990

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)* NA _____, is a citizen of the State of *(name)* _____.

b.   If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)*

_____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of

*(foreign nation)* _____ .

    b.    If the defendant is a corporation

        The defendant, *(name)* _____ , is incorporated under

        the laws of the State of *(name)* _____ , and has its

        principal place of business in the State of *(name)* _____ .

        Or is incorporated under the laws of *(foreign nation)* _____ ,

        and has its principal place of business in *(name)* _____ .

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached Statement of Claims

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Plaintiff seek appropriate remedies, pecuniary and non-pecuniary, including but not limited to restoration of all lost wages and benefits; and compensatory damages for the deterioration of mental and physical health secondary to the employment discrimination and retaliation.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   3-31-21

Signature of Plaintiff
Printed Name of Plaintiff   Delta Harris

### B.   For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

**Delta Danielle Harris**
*Plaintiff*

-v-

**Deb Haaland, Secretary of the
U.S. Department of the Interior/FWS**
*Defendant*

## COMPLAINT FOR A CIVIL CASE

*Supplemental pages*

**III.**       **Statement of Claims**

### Preliminary Statement

Plaintiff was harassed, discriminated against, and subjected to a hostile work environment

based on disability (adverse actions and failure to provide reasonable accommodation),

reprisal (opposition to discrimination, denied reasonable accommodations 2015), prior sexual

harassment complaint—ongoing EEO activity, and disparate treatment.

Plaintiff was denied reasonable accommodations and placed on leave restrictions, despite

numerous physician recommendations to the Agency. Plaintiff was listed AWOL for being

sick because of the hostile work environmental.  Plaintiff was forced to submit physician

note for any and all absences' which caused financial hardship and subsequently addition

time needed off from work. The adverse actions placed upon Plaintiff created deterioration of

mental and physical health based on the sexual harassment and the employment discrimination and retaliation Plaintiff was subject to. The adverse actions ultimately affected work performance and social environment, as well as personal life.  The detrimental affects resulted in Plaintiff's need to take prescription narcotics for anxiety which plaintiff never had to taken before. Subsequently plaintiff had unexpected heart surgery (2016) and the harassment and hostile work environment caused life threatening effects to Plaintiffs heath by promoting severe anxiety which continuously accelerated blood pressure levels to acute stroke range levels.  Despite over 60 or more physician notes  regarding the plaintiffs health, request for reasonable accommodations, the Agency only accommodated Plaintiff: 1) ICU physician requested reasonable accommodations for work limitations after release from Indian River Memorial Hospital,   and 2) after Plaintiff made a formal internal compliant to the Agency's reasonable accommodations department for continuously denying the request for reasonable accommodations.

### A. Claims

The below alleged discriminatory acts occurred between January 2015 thru Late 2017, and extended to April 2018. Plaintiff filed two formal EEOC complaints (2017 & 2018).

1. In 2015, I was subject to hostile work environmnet, and retaliation  when my supervisor fail to take action to dress  my complaint allegations of sexual harassment by coworker, allowing me on two different occasions to stay in close

proximity of my harrasser for long periods of time lasting weeks to months.
/.

2. I was subject to hostile work environment, disability discriminsation, and retaliation when my supervisor changed my schedule and required me to use AWOL instead of Leaving Without Pay.

3. In 2016, I was subject to hostile work environment, disability discriminsation, and retaliation when my supervisor denied grade step increase.

4. I was subject to hostile work environment and discrininated when I requested and denied reasonalbe accommodations for over two years. (2015-2017).

5. I was subject to hostile work environment when sumbitted numerrous physcian notes requesting reasonalbe accommodations by denied (2015-2017).

6. I was subject to hostile work environment when I informally and formally complianed to management of sexual harrasssmnet by a coworker and no investigation was done.

7.  I was subject to hostile work environment when I was reprimanded by managemnet for confronting my sexual harraser for sexually harrassing my female, friend, and co-worker,  despite Agency's Policy and Procedures. I was

informed that I would be written up and it would be placed in my permanent

personnel file and never again to speak the the harraser.

8.  I was subject to hostile work environment, disability discriminsation and

retasilation  when I was placed on leave restriction continuously despite my heath

conditions.

9.  I was subject to hostile work environment, disability discriminsation, and

retaliation when I was charged AWOL for being sick.

10. I was subject to hostile work environmnet, disability discrimation, and retaliation

when  management gave me a poor performance annual review.

11. I was subject to hostile work environmnet, disability discrimation, and retaliation

when  management suspended my for 3-days.

12. I was subject to hostile work environmnet, disability discrimation, and retaliation

when  management suspended my for 5-days.

Date: _4 - 1 - 21_

Signature/Print Name: _Dh  Delta Harris_

Email: _deltaharris7@gmail.cen_



United States Department of the Interior

OFFICE OF THE SECRETARY

OFFICE OF CIVIL RIGHTS

Washington, DC 20240

<u>TRANSMITTAL VIA ELECTRONIC MAIL</u>

kevin@crayonlawfirm.com

Kevin Crayon
Crayon Law Firm, LLC
125 Town Park Drive, Suite 300
Kennesaw, Georgia 30144

Subject:   Final Order
           *Delta Harris v. David Bernhardt, Secretary, U.S. Department of the Interior*
           EEOC No. 510-2018-00306X; Agency Case No. DOI-FWS-17-0477

Mr. Crayon:

Pursuant to the U.S. Equal Employment Opportunity Commission's (EEOC's) regulations at 29 C.F.R. § 1614.110, the U.S. Department of the Interior ("Agency") acts on your client's (Complainant) complaint by issuing this Final Order. On August 22, 2019, Administrative Judge (AJ) William Rodriguez, EEOC Miami District Office, Miami, Florida, held an Initial Conference. On February 24, 2020, the Agency re-filed[1] a timely Motion for Summary Judgment. Complainant filed a timely response.

On August 7, 2020, Administrative Judge (AJ) William Rodriguez issued a DECISION AND ORDER ENTERING JUDGMENT. Based on a review of the record, AJ Rodriguez granted the Agency's Motion for Summary Judgment in favor of the Agency, finding that, as it relates to reprisal, Complainant failed to establish a nexus between her prior EEO activity and any of the actions taken by the Agency. As it relates to harassment, AJ Rodriguez found that the actions taken by the Agency were neither severe nor pervasive enough to support a claim of harassment.

On August 7, 2020, the Agency received the DECISION AND ORDER ENTERING JUDGMENT. The U.S. Department of the Interior is fully implementing the AJ's Order. A Statement of Notice and Rights to Appeal follows.

**<u>APPEAL RIGHTS TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION</u>**

29 C.F.R., § 1614.402(a) states that an appeal of an agency's dismissal to the EEOC must be filed by an appellant within thirty (30) calendar-days of receipt of an agency's decision. If the Appellant is represented by an attorney of record, the thirty (30)-day time limit shall begin to run from the

---

[1] The DECISION AND ORDER ENTERING JUDGMENT does not indicate when the Agency initially filed the Motion for Summary Judgment.

date of receipt by the attorney of the notice of dismissal, final action, or final decision without a hearing.

You may request an appeal online via the EEOC Public Portal at:

> https://publicportal.eeoc.gov/portal/

For additional information on how to request an appeal through the EEOC Public Portal, visit the EEOC Public Portal User's Guide – Vol 7, at:

> https://www.eeoc.gov/portal/upload/V7-Appeals_to_the_EEOC.pdf

The Appellant shall furnish a copy of the appeal to the Agency at the same time it is filed with the EEOC. A copy of the appeal and any submissions in support thereof shall be forwarded to the Agency at the following address:

> Erica D. White-Dunston, Esq., Director
> U.S. Department of the Interior
> Office of Civil Rights
> doicivilrights@ios.doi.gov

**Please note that, due to the COVID-19 pandemic, our offices are currently closed. However, our staff remains available in telework status. Please do not send non-electronic correspondence to our office at this time, as we are unable to retrieve hard copy mailings. If you are unable to provide a copy of your appeal via email, please call 202-208-5693.**

If the appeal is not filed within the thirty (30) calendar-day time limit, the appeal may be dismissed by the Commission. However, the Commission may, at its discretion, extend the time limits and accept the appeal based upon a written statement that there was no actual notification of the time limit, or that a timely Notice of Appeal could not be filed, due to extenuating circumstances.

Any statement or brief in support of the appeal must be submitted to the Commission within thirty (30) calendar-days of filing of the Notice of Appeal. Any statement or brief in opposition to the appeal must be submitted to the Commission and served on the Appellant (or the attorney of record, if represented by an attorney) within thirty (30) calendar-days of receipt of the statement or brief supporting the appeal, or if no statement or brief supporting the appeal has been filed, within sixty (60) days of receipt of the appeal.

It is the responsibility of the U.S. Department of the Interior to submit the entire complaint file to the Commission, Office of Federal Operations, within thirty (30) calendar-days of initial notification that an appeal has been filed.

## CIVIL ACTIONS

The Appellant also has the right to file a civil action in an appropriate United States District Court. If the Appellant decides to file a civil action, the Appellant must file:

- Within ninety (90) calendar-days of receipt of the Final Decision, if no appeal has been filed; or

- Within ninety (90) calendar-days of receipt of the EEOC's final decision on an appeal; or

- After 180 calendar-days from the date of filing an appeal with the EEOC, if there has been not final decision by the EEOC.

If the Appellant files a civil action involving this complaint, **the Appellant must specifically name DAVID BERNHARDT, Secretary of the U.S. Department of the Interior, as defendant**. Failure to do so may result in the loss of any judicial redress to which the Appellant may be entitled.

If the Appellant decides to file a civil action and is unable to afford counsel, the Civil Rights Act gives the Court discretionary authority to appoint Counsel without payment of fees or costs by the Appellant. The granting or denial of your request is within the sole discretion of the Court. The request and the civil action **must be filed within ninety (90) calendar-days** of the date the final decision is received.

Please note that, "filing of a civil action under §1614.408 or §1614.409 shall terminate Commissions processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."

Sincerely,

_____          11/16/2020
Erica D. White-Dunston, Esq.                          Date
Director
Office of Civil Rights

Encl:   DECISION AND ORDER ENTERING JUDGMENT dated August 7, 2020
        2020 COVID-19 Processing Information for EEO Directors (Revised)

cc:     Gina Huck, Acting EEO Officer, Fish and Wildlife Service
        Employment and Labor Law Unit, U.S. Department of the Interior
        William Rodriguez, Administrative Judge

        Delta Harris, Complainant
        405 Autumn Terrace
        Sebastian, Florida 32958
        Deltaharris7@gmail.com

3

# UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### MIAMI DISTRICT OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Delta Harris,

        Complainant,

v.

Ryan Zinke, Secretary,
Department of Interior,
Fish and Wildlife Service,

        Agency.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EEOC Case No.
510-2018-00306X

DOI Case No.
DOI-FWS-17-0477

William Rodriguez
Administrative Judge

August 7, 2020

## Decision and Order Entering Judgment

This decision is issued pursuant to the regulations at 29 C.F.R. § 1614.109(g)(2019).

Delta Harris ("Complainant") was employed by the Department of Interior ("Agency") as a Wildlife Biologist, in Vero Beach, Florida.[1] ROI at 000042-000045; 000059-000063. On November 3, 2017, Complainant filed a formal complaint in which she alleged that the Agency had discriminated against her on the basis of her disability and as an act of reprisal in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C §791 *et seq.*, by subjecting her to harassment. *Id*; see also ROI at 000093-000096. In support of the harassment claim, alleged that (a) on or about January 12, 2015, her supervisor failed to take corrective action to address Complainant's allegations of sexual harassment by a coworker;  (b) in July 2015, her supervisor changed her schedule and required her to use Absent Without Leave ("AWOL") instead of Leave Without Pay ("LWOP") for absences; (c) in September 2015, her supervisor denied her physician's Leave Share Program request; (d) on April 24, 2016, she received notification of a denial of a within grade step increase; (e) in May 2016, she was reprimanded for

---

[1] Reference/citations to the Report of Investigation are made as "ROI" followed by the six-digit page number(s) appearing at the bottom center of the pages in the ROI.  References to attachments to this decision are made as "AJ" followed by an exhibit number.

OCR Received 8/7/20-FedSEP

confronting the harasser; (f) on November 21, 2016, her supervisor issued her a Notice of Leave Restriction; (g) on March 9, 2017, her supervisor issued her a Notice of AWOL; (h) on May 19, 2017, her supervisor gave her a Notice of Leave Restriction; and (i) on June 24, 2017, she was suspended Complainant for five days.[2] *Id.*

Upon completion of the Agency's investigation, Complainant requested a hearing. On August 22, 2019, an Initial Conference was convened presided over by the Administrative Judge, attended by Complainant, her representative and the Agency's Counsel during which the issue, discovery, deadlines and other case processing matters were addressed.[3] AJ Exhibit 1. While a hearing was pending, the Agency filed a Motion for Summary Judgment ("MSJ"). AJ Exhibit 7. Complainant filed a response indicating that there was an outstanding discovery related motion that had not been addressed.[4] The outstanding discovery related motion was addressed. By Order issued on February 19, 2020, discovery was concluded, and the parties were instructed that with the conclusion of discovery, the MSJ could be refiled no later than March 5, 2020. On February 24, 2020, the Agency gave notice that the original MSJ should be considered as having been re-filed. Complainant filed a response ("Response"). AJ Exhibit 8.

The MSJ cites the legal standard for summary judgment and for the most part, identifies the applicable law to the substance of the complaint.[5] AJ Exhibit 7. The MSJ also identifies the

---

[2] The Agency did not dismiss the untimely discreet acts dating back to January 2015. All the claims raised were accepted as part of a harassment claim.

[3] Complainant objected to the framing of the issue insisting that the theory of the case was disparate treatment, not harassment. AJ Exhibits 2 & 3. Complainant was advised of the effect of the Supreme Court decision in as it relates to untimely discreet acts and instructed to clearly articulate her intention to withdraw the claim of harassment. AJ Exhibit 4. Complainant responded expressing the desire not to withdraw the harassment claim but stating that she would also proceed with proving disparate treatment. AJ Exhibits 5 & 6.

[4] The Administrative Judge was unaware of the outstanding motion because Complainant filed it using the Commission's Portal and the Administrative Judge had not received notice of its filing.

[5] The Agency did not identify the burden of proof for disability discrimination *i.e.* the fact that the Courts have adopted and applied the Title VII burden of proof to disability discrimination. *Norcross v. Sneed*, 755 F.2d 113 (8th Cir. 1985); *Prewitt v. U.S. Postal Service*, 662 F.2d 292 (5th Cir. 1981). To establish a *prima facie* case of discrimination under the Rehabilitation Act, the Complainant must establish by a preponderance of the evidence that she is a qualified disabled employee and was treated differently or less favorably than individuals not within her protected group or that the Agency failed to make a needed reasonable accommodation resulting in adverse treatment to the Complainant. *Sisson v. Helms*, 751 F.2d 991, 992-993 (9th Cir. 1985) *cert denied*, 106 S. Ct. 137 (1985). The Agency also did not identify the burden of proof for reprisal *i.e.* to establish a *prima facie* case of

grounds upon which the case should be decided without a hearing by citing to the undisputed material facts. *Id.* In her Response, Complainant cites to the MSJ and asserts that there are disputed facts. *Id*; see also AJ Exhibit 8. However, the disputed facts said to be disputed are either not material or are material facts which contrary to Complainant's assertion, are not in dispute because they are supported by contemporaneous documentary evidence. *Id.*

Complainant did not seek EEO Counseling until July 14, 2017. ROI at 000059. Thus, for the reasons stated in the MSJ, all of the individual claims above *i.e.* (a) through (h) are dismissible as untimely discreet acts. However, as a claim of harassment, taken together, all the individual events state a viable claim and are reviewable as part of a harassment claim.

At all times relevant to this complaint, Complainant names Timothy Breen ("Breen") Supervisory Fish and Wildlife Biologist and Donald Progulske ("Progulske") Everglades Restoration Program Supervisor as the individuals who unlawfully discriminated against her. ROI at 000100.

In January 2015, while Complainant was engaged in a passing conversation with John Galvez ("Galvez") a coworker, she felt his hand on the left side of her buttock. ROI at 000107-000108. Complainant thought it odd and alarming, but thought it was just an accident. *Id.* A few days later, when Galvez opened a door to go down the stairs, Complainant felt Galvez's hand on the side of her breast and she immediately leaned away from him. *Id.* A week later, Complainant stopped by Galvez's home to pick up something work related. *Id.* They sat on the

---

reprisal, Complainant must establish that at the time of the alleged violation (1) she had engaged in prior EEO activity; (2) the Agency was aware of her participation in the protected activity; (3) the Agency took adverse action against her; and (4) that there is a nexus between the protected activity and the Agency's adverse action. *Hochstadt v. Worcester Foundation for Experimental Biology*, 425 F. Supp. 318 (D. Mass. 1976), *aff'd*, 545 F.2d 222 (1st Cir. 1976); *Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d. 590, 593 (2d Cir. 1988); *McKenna v. Weinberger*, 729 F.2d 783 (D.C Cir. 1984); *Sainz v. Department of the Navy*, EEOC Request No. 05950927 (January 9, 1998); *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987); *Frye v. Department of Labor*, EEOC Request No. 05940764 (December 15, 1994). In addition, the Agency improperly asserts that Complainant could not establish that the Agency's action was sufficiently severe and pervasive so as to alter the terms and conditions of employment. AJ Exhibit 7. Although it is true that many of the claims asserted by Complainant do not meet the threshold level of unlawful discriminatory non-sexual harassment, the fact that Galvez improperly touched Complainant constitutes sexual harassment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993); *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998). The question is whether the Agency is liable for Galvez' actions *i.e.* did the Agency know or should have known about Galvez' action(s), and if not, what action was taken once it became known. *Matilde H. v. Department of Veterans Affairs*, EEOC Appeal No. 0120161189 (March 9, 2018). Although the Agency did not include a full discussion of the foregoing, the standards articulated herein are considered and applied in this decision.

couch and talked for a few minutes. *Id.* They spoke about Complainant's mother who had recently passed away and Complainant began to cry. *Id.* Galvez moved towards Complainant to console her - or so she thought – during which time Galvez touched her buttock and breasts. *Id.* As she was trying to digest what had happened, she looked down and saw his hand on her upper thigh. Complainant left. *Id.* On or about January 12, 2015, Complainant informed Breen that she felt sexually harassed by Galvez and that she wanted for him to be moved or if he was not moved, to be moved herself. *Id*; see also AJ Exhibit 2; ROI at 000330-000332; 00431-00432. In an email dated February 3, 2015, Complainant provided the details to Breen of her encounter with Galvez. *Id*; see also ROI at 000184-00185. Breen did not have supervisory jurisdiction over Galvez, who was not under the same organizational structure as most employees at his and Complainant's duty station; Galvez worked for the Peninsular Florida Fisheries Office (FWCO); he was a Fisheries employee supervised by Cindy Williams ("Williams") out of Atlanta, Georgia. *Id.* Because Breen did not supervise Galvez, whose job involved frequent travel, and Galvez had multiple offices filled with equipment, Breed thought it was faster to move Complainant than to move Galvez. *Id.* Complainant was moved on February 9, 2015. *Id.* In light of the fact that Complainant herself offered to be moved if Galvez was not, I find that moving Complainant instead of Galvez sufficiently met the Agency's obligation to take immediate action. There is no evidence Galvez ever touched Complainant again. Thus, Complainant's move to a new office away from Galvez was an immediate and effective response to Complainant's report that she was harassed by Galvez. *Taylor v. Department of the Air Force*, EEOC Request No. 05920194 (July 8, 1992); *Matilde H. v. Department of Veterans Affairs*, EEOC Appeal No. 0120161189 (arch 9, 2018).

On November 25, 2015, Complainant was issued a Notice of Leave Restriction due to her tardiness, unusual patterns and frequent of use of sick leave and annual leave.[6] *Id*; see also ROI at 000111-000112; 000348; 00351-000352; 000435-000445; 000527-000528. The Notice of Leave Restriction was issued after Breen changed Complainant's work schedule in July 2015, from a ten hour/four-day week to an eight hour/five-day week as a result of Complainant's

---

[6] The Notice of Leave Restriction was extended on July 15, 2016, to January 15, 2017; then extended again on March 15, 2017 to May 15, 2017; and on May 19, 2017, Complainant was issued a new Notice of Leave Restriction that was to be evaluated in six months. ROI at 000567.

attendance. *Id*. During 2015, Complainant's annual and sick leave balance dropped to zero *i.e.* for pay period 2, she has had a zero balance for annual and sick leave and at the end of the year in 2015, she had an annual leave balance of 28.3 hours and a sick leave balance of 3.15 hours. *Id*. Consequently, Complainant was informed that if she did not provide advance notice of leave and/or if she did not have sufficient leave, she would not be granted LWOP and would be charged AWOL for unscheduled absences. *Id*. In the instances she had unscheduled leave, she was required to provide Breed within one hour of her return to duty a note from her doctor stating she was incapacitated for duty; the dates she was incapacitated for duty; and the general nature of illness/reason for the absence. *Id*.

In September 2015, Complainant's request to participate in the Agency's Leave Share Program to travel to Arizona. *Id*; see also ROI at 000334-000335; 000360; 00467-000470. The request was denied because the request did not meet the established purpose of the Leave Share Program; the request was to attend a mental health retreat. *Id*; see also ROI at 000281. Complainant provided a note from her physician that did not meet the standard necessary to approve Complainant's participation in the Leave Sharing Program for September 2015. *Id*. The Agency's Leave Sharing Program provides that unused annual leave of one employee may be transferred for use by another employee who needs such leave because of a medical emergency or a family member's medical emergency, deciding factors such as a serious health condition must also be explained in the physician statement. *Id*; see also ROI at 000690. A "serious health condition" is defined as an illness, injury, impairment, or physical or mental condition that involves inpatient care or continuing treatment by a health care. *Id*.

On April 24, 2016, Complainant was notified that she would not receive a within grade step increase due to her performance. *Id*; see also  ROI at 000116; 000336. Complainant's overall performance for the period of October 1, 2014, to September 30, 2015, was rated as Minimally Successful. *Id*; see also ROI at 000471-00477.

In May 2016, Complainant approached Galvez after being told by Shana DiPalma ("DiPalma") that DiPalma did not know what she got herself in to as it related to a future detail opportunity that involved Galvez. When Breen learned that Complainant had confronted Galvez about the matter, she was told to stay away from Galvez.  Given that Complainant had

complained about Galvez having sexually harassed her, there is no reason for her to have approached Galvez simply because DiPalma had contemplated accepting a position working with him.

On November 21, 2016, Complainant was not issued a Notice of Leave Restriction, she was issued a Notice of AWOL because she was absent without authorized leave for two hours on November 4, 2016, one hour on November 10, 2016; and one and a half hours November 16, 2016, in violation of the Notice of Leave Restriction issued on November 25, 2015. *Id*; see also ROI at 000121; 000270; 000338; 000543. On March 9, 2017, Breen issued Complainant another Notice of AWOL because she was absent without authorized leave for a period of one and a half hours and did not report to work until 9:30 A.M. on March 7, 2017. *Id*; see also ROI at 000555. The absence was in violation of the Notice of Leave Restriction issued on November 25, 2016. *Id*.

The Notice of Leave Restriction issued November 25, 2015, was subsequently extended on July 15, 2016, and May 19, 2017, because Complainant's pattern and her use of leave had not significantly improved. *Id*; see also ROI at 000125; 000540; 000554-000563; 000570. Complainant was repeatedly given notice in every Notice of Leave Restriction and Notice of AWOL that her failure to comply with the Agency's attendance requirements was subject to disciplinary action, up to and including removal from employment. *Id*. The documentary evidence discloses, and Complainant does not in essence challenge that many of her absences and/or tardiness had no relation to her underlying medical condition(s). *Id*. Among the reasons given by Complainant for her absences and/or tardiness were that her car would not start; she overslept; she was running late; she did not sleep well; she thought it was Saturday; she had a bad night; her power went out; she did not feel well; and she was looking for her keys. *Id*; see also ROI at 0333-0334; 0338; 0348-0353. In some cases, she did not even offer an excuse. *Id*.

As a result of Complainant's repeated failure to comply with the Agency's attendance requirements even after having been placed on Leave Restriction, on June 2, 2017, she was issued a Proposed Five-Day Suspension. *Id*; see also ROI at 000564-000571.

The fact Complainant was issued Notices of AWOL and placed on Leave Restriction as a result of her attendance, involves nothing more than routine work assignments, instructions and

admonishments which by definition, are neither severe nor pervasive enough to support a claim of harassment or hostile work environment. *Delphia F. v. United States Postal Service*, EEOC Appeal No. 0120151097 (May 19, 2017); *Broderick D. v. Department of Veterans Affairs*, EEOC Appeal No. 0120150798 (June 2, 2017); *Arlette v. Department of Justice*, EEOC Appeal No. 0120140915 (October 20, 2016); *Complainant v. United States Postal Service*, EEOC Appeal No. 0120131010 (April 15, 2015); *Complainant v. Department of State*, EEOC Appeal No. 120123299 (February 25, 2015); *Bass v. United States Postal Service*, EEOC Appeal No. 0120082167 (July 30, 2010).

As it relates to the claim of reprisal, Complainant engaged in EEO protected activity when in January/February 2015, she opposed unlawful discriminatory conduct by reporting to Breen that she was sexually harassed by Galvez. *Whipple v. Department of Veterans Affairs*, EEOC Request No. 05910784 (February 21, 1992) (courts have interpreted section 704(a) of Title VII as intending to provide 'exceptionally broad protection' to those who oppose unlawful discrimination). However, as it relates to the rest of the claims raised by Complainant, most of which are related to her time and attendance, Complainant did not seek EEO Counseling until July 14, 2017. Given the lapse of time between that EEO activity in January/February 2015, and the time when she sought EEO Counseling on July 14, 2017, after being issued a Proposed Six Day Suspension on June 24, 2017, there is no basis to assume the existence of a nexus and no inference of reprisal could be made. *Pjlanz v. Department of Transportation*, EEOC Appeal No. 0120091412 (March 1, 2011)(EEO complaint filed more than two years before the adverse action and settled more than seven months before the adverse action was too remote to support an inference of reprisal).

There is no evidence supporting the notion that there was a relationship between Complainant having reported being harasses by Galvez in 2015 and all the subsequent events resulting from Complainant's work attendance. The documentary evidence establishes that Complainant had a history of poor attendance, including tardiness. Thus, even assuming that Complainant previously engaged in EEO protected activity as of January 2015, that does not mean Complainant was shielded or otherwise insulated from being subject to the same conditions of employment including performance and disciplinary standards to which all other

employees are subject. *Brown v. United States Postal Service*, EEOC Appeal No. 0120083692 (June 28, 2012) (employee whose employment was terminated for failing to follow leave procedures was not insulated from discipline because of having previously engaged in protected EEO activity); *Santos v. Department of the Navy*, EEOC Appeal No. 0120071441 (January 7, 2009)(prior EEO activity did not insulate employee from discipline for his conduct); *Taylor v. United States Postal Service*, EEOC Appeal 01A22829 (September 16,2002)(employee who had engaged in prior EEO activity was not insulated from discipline that resulted from his conduct). As set out in the Agency's MSJ, Complainant has not established any nexus between her prior EEO activity and any of the actions taken by the Agency.

The facts as set out in the MSJ, and to the extent the MSJ cites the legal standard for summary judgment and identifies the applicable law to the substance of the complaint, the MSJ is incorporated by reference and for the reasons stated therein, as further set out above, this Decision is issued, and Order is entered in favor of the Agency.

William Rodriguez
**Administrative Judge**
**U.S. Equal Employment Opportunity Commission**
**Miami District Office**
**100 SE 2nd Street, Suite 1500**
**Miami, Florida 33131**
**(786) 648-5874**
**w.rodriguez-efilebox@eeoc.gov**

### NOTICE TO THE PARTIES

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(i). **With the exception detailed below, Complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. **Agencies are advised to refer to the April 6, 2020 memo issued by Carlton Hadden to the Federal Sector EEO Directors and officials at https://www.eeoc.gov/processing-information-all-parties-federal-eeo-processing-under-29-cfr-part-1614 for information and directives regarding the tolling**

Page 8 of 10

**of timeframes during the pandemic. EEOC will not sanction an agency that holds off on taking final actions pursuant to the directives of the memo**. Complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. Complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of Complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, Complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> One NoMA Station
> 131 M Street, N.E., Fifth Floor
> Washington, D.C. 20507

<u>BY FACSIMILE:</u>     Number: (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. <u>See</u> 29 C.F.R. § 1614.504. If Complainant believes that the Agency has failed to comply with the terms of its final action, Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If Complainant is not satisfied with the Agency's attempt to resolve the matter, he or she may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. Complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after Complainant has served the Agency with the allegations of noncompliance.

A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

Certificate of Service

For timeliness purposes, it shall be presumed that the parties received the attached Order within on the same day when sent *via* FedSep/electronically.  The foregoing was sent on August 7, 2020, to:

Department of Interior
*via* FedSep

Delta Harris
*via* FedSep/electronic mail at: deltaharris7@gmail.com

Maria Del Pilar Zegarra, Esq.
*via* FedSep/electronic mail at: mariadelpilar.zegarra@sol.doi.gov

William Rodriguez
Administrative Judge

Page 10 of 10



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Office of Federal Operations**

**P. O. Box 77960**

**Washington, D.C. 20013**

April 6, 2020

Memorandum

TO:          Federal Sector EEO Directors & Officials

FROM:        Carlton M. Hadden
             Director, Office of Federal Operations

SUBJECT:     Processing Information for All Parties in Federal EEO Processing under 29 CFR Part 1614

In light of the National Emergency declared by the President due to the Coronavirus (COVID-19), the U.S. Equal Employment Opportunity Commission's (EEOC) Office of Federal Operations (OFO) is issuing the following instructions regarding the processing of federal sector EEO complaints covered by 29 CFR Part 1614.

The EEOC recognizes this crisis affects all federal employees, complainants, and others involved in the EEO process. We appreciate the dedication of federal EEO professionals throughout the federal government and we further recognize that the centerpiece of our efforts are the employees, applicants, and former employees who believe they have experienced employment discrimination and access our regulatory process for assistance. Nevertheless, the federal government remains open and committed to providing mission-critical services to the greatest extent possible, given the limitations inherent in the current environment.

The EEOC also recognizes that, because of the National Emergency, applicants who utilize the EEO complaint process may face challenges that preclude them from meeting the regulatory timeframes set forth in 29 CFR Part 1614.

The EEOC must balance its duty to ensure that the EEO process continues efficiently and effectively, without compromising the safety of federal employees or the rights or safety of complainants and others involved in the EEO process.

The EEOC expects that agencies and employees will continue to process EEO complaints in a timely manner that will best preserve the legal rights of the parties involved, unless doing so would interfere with mission-critical operations for an agency. Accordingly, the Office of Federal Operations is issuing the following instructions, which will remain in effect until further notice:

1. Agencies will continue all counseling, investigations and other complaint processing set forth in 29 CFR Part 1614, except in circumstances meeting the criteria described below.

2. To the extent practicable, regulatory timeframes concerning the processing of federal sector EEO complaints will continue to be met, wherever feasible. For this purpose, practicable means where the agency and complainant have access to needed witnesses, documents and representation, and where such processing will not interfere with the mission-critical operations of the agency.

3. The regulatory timeframes set forth in 29 C.F.R.  Part 1614 will be subject to the equitable tolling provisions set forth in 29 C.F.R. §1614.604(c).  Absent mutual agreement, <u>agencies and complainants will be required to document in the record the reason(s) why tolling any of the time limits set forth in 29 CFR Part 1614 is necessary.</u> Such justification will fully be considered by the Commission in any appeal raised in the matter.

4. Agencies and complainants are encouraged to seek mutual agreement with respect to the extension of any timeframes.  Where such agreements are reached, they should be reduced to writing and made part of the record.  OFO will honor such agreements on appeal, unless they are clearly onerous to one party or otherwise violate the standards for equitable tolling, waiver or estoppel.

5. EEOC Administrative Judges will continue to manage the hearings program. Administrative Judges will continue to hold conferences, manage discovery, refer cases to ADR and settlement, issue summary judgment decisions and, where appropriate, hold hearings and issue decisions.  In light of the National Emergency, either party can seek an extension or other relief from any deadline for good cause shown.

6. The EEOC is deeply concerned about protecting (and committed to ensuring every federal employee continues to have) all their rights during this time of National Emergency. To that end, EEOC asks agency EEO offices to continue counseling employees, accepting their discrimination complaints, and investigating these complaints to the fullest extent possible without undermining mission-critical functions. We ask agencies not to issue final actions on any EEO complaint, unless the investigation is complete <u>and</u> the Complainant has requested that the final action be issued.

7. EEOC will continue to prepare appellate decisions but will not mail those decisions. A Complainant who provides an e-mail address and waives first class mailing may request the decision  via e-mail to ofo.eeoc@eeoc.gov .  The Commission is extremely cognizant of preserving a party's right to file a civil action in U.S. District Court.  Given the current National Emergency, the Commission is suspending issuance of all appellate decisions via the U. S. mail until further notice in order to best preserve those rights.

8.  Until further notice, OFO does not have access to U.S. Mail; rather, we ask that all submissions and communications from both agencies and complainants be digital, via the Public Portal/FEDSEP. We ask those who submitted items via U.S. Mail on or after March 6, 2020 to resubmit them via the Public Portal/FEDSEP.

9.  The Commission supports and encourages the use of digital documents and electronic signatures. A digital document used by a person, agency, or other entity shall have the same force and effect as those documents not produced by electronic means. "Electronic signature" means any digital symbol, sound, or process attached to or logically associated with a digital record and executed or adopted by a person with the intent to sign the record.

10. Each agency subject to the regulations at 29 CFR Part 1614 is directed to forward a copy of this notice, using the most effective available method, to each Complainant with a pending EEO matter and to each person who hereafter contacts an agency EEO counselor or otherwise enters into the agency's EEO process.

11. For more Commission information and resources, please go to our COVID-19 information links at:  https://www.eeoc.gov/coronavirus/



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 77960**
**Washington, D.C.  20013**

<u>Memorandum</u>

TO:          Federal Sector EEO Directors & Officials

FROM:      Carlton M. Hadden
             Director, Office of Federal Operations

SUBJECT:   Update – April 6, 2020 Memorandum on Processing Information

We issued a memorandum dated April 6, 2020 regarding the processing of federal sector EEO complaints covered by 29 CFR Part 1614 in consideration of the National Emergency. The memorandum is attached for your ease of reference.

The EEOC reiterates its appreciation of the critical work of federal EEO professionals during this time of challenge due to the Coronavirus (COVID-9).  Your dedication is essential to ensuring access to the federal sector EEO process for all who need to utilize it.

The EEOC previously recognized that, because of the National Emergency, applicants who utilize the EEO complaint process might have faced challenges that precluded them from meeting the regulatory timeframes set forth in 29 CFR Part 1614.

Using phased approaches, several agencies and organizations have resumed fuller operations. EEOC believes that there are now fewer issues related to access to counsel and the Courts, and that further delays could negatively impact applicants' ability to protect and exercise their rights effectively.

Therefore, we are adjusting three of the instructions set forth in the April 6, 2020, memo. As discussed in further detail below, EEOC is instructing agencies to return to issuing final actions in the usual manner, unless there are compelling reasons not to do so. Effective Monday, July 27, 2020, EEOC will also expand its issuance of appellate decisions.

Instruction 6 provided as follows:

> *The EEOC is deeply concerned about protecting (and committed to ensuring every federal employee continues to have) all their rights during this time of National Emergency. To that end, EEOC asks agency EEO offices to continue counseling employees, accepting their discrimination complaints, and investigating these complaints to the fullest extent possible without undermining mission-critical functions. We ask agencies not to issue final actions on any EEO complaint, unless the investigation is complete, <u>and</u> the Complainant has requested that the final action be issued.*

Instruction 7 provided as follows:

> *EEOC will continue to prepare appellate decisions but will not mail those decisions. A Complainant who provides an e-mail address and waives first class mailing may request the decision via e-mail to ofo.eeoc@eeoc.gov . The Commission is extremely cognizant of preserving a party's right to file a civil action in U.S. District Court. Given the current National Emergency, the Commission is suspending issuance of all appellate decisions via the U. S. mail until further notice in order to best preserve those rights.*

Instruction 8 provided as follows:

> *Until further notice, OFO does not have access to U.S. Mail; rather, we ask that all submissions and communications from both agencies and complainants be digital, via the Public Portal/FEDSEP. We ask those who submitted items via U.S. Mail on or after March 6, 2020 to resubmit them via the Public Portal/FEDSEP.*

The Instructions, noted above, are modified as follows:

Instruction 6 as modified, follows:

> *The EEOC remains deeply concerned about protecting (and committed to ensuring every federal employee continues to have) all their rights during this time of National Emergency. To that end, EEOC asks agency EEO offices to continue counseling employees, accepting their discrimination complaints, and investigating these complaints to the fullest extent possible without undermining mission-critical functions. Agencies should return to issuing final actions.*

Instruction 7 as modified, follows:

> *EEOC is expanding issuance of appellate decisions. While the complainant may receive the appellate decision via U.S. Mail, a complainant who has an account with EEOC's Public Portal, may waive receipt via U.S. Mail, and receive the decision via the EEOC Public Portal. Please note that there may be delays in the issuance of decisions sent by first class mail depending on staff access to EEOC's headquarters. Federal agencies will receive the appellate decision via the FedSEP digital platform.*

Instruction 8 as modified, follows:

> *While OFO has limited access to U.S. Mail; parties are encouraged to utilize the Commission's digital platforms, such as the EEOC Public Portal or FedSEP, to communicate with OFO.*

With the exceptions of the modifications noted above, the Instructions as set forth in the April 6, 2020 memorandum continue to remain in effect.

Each agency subject to the regulations at 29 CFR Part 1614 is directed to forward a copy of this update and notice, using the most effective available method, to each Complainant with a pending EEO matter and to each person who hereafter contacts an agency EEO counselor or otherwise enters into the agency's EEO process.

copy of Charges filed w/ EEOC

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE

In the matter of
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Delta Harris,                                        EEOC Case No.
                                                     510-2018-00306X
              Complainant,

v.                                                   DOI Case No.
                                                     DOI-FWS-17-0477
Ryan Zinke, Secretary,
Department of Interior,                               William Rodriguez
Fish and Wildlife Service,                            Administrative Judge

              Agency.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x     August 22, 2019

> **Order on Initial Conference,
> Deadlines & Record Completion**

A telephonic Initial Conference on the above captioned complaint was conducted on August 22, 2019, during which the parties and the Administrative Judge addressed the case status including the issues to be addressed in the complaint, the need for discovery, deadlines, dismissed issues, any other pending EEO complaints filed by Complainant, Settlement and Summary Judgment.

Present for the conference: Complainant                Delta Harris
                            Complainant Representative Chungsoo J. Lee
                            Agency Counsel             Cecelia Townes, Esq.

Summary of Conference:

Issue: Did the Agency discriminate against Complainant on the basis of her disability or as an act of reprisal in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C §791 *et seq*., by being subjected to harassment?  In support of the harassment claim, Complainant alleges that (a) on or about January 12, 2015, her supervisor failed to take corrective action to address Complainant's allegations of sexual harassment by a coworker; (b) in July 2015, her supervisor changed her schedule and required her to use Absent Without Leave ("AWOL") instead of Leave Without Pay ("LWOP") for absences; (c) in September 2015, her supervisor denied her physician's Leave Share Program request; (d) on April 24, 2016, she

received notification of a denial of a within grade step increase; (e) in May 2016, she was reprimanded for confronting the harasser; (f) on November 21, 2016, her supervisor issued her a Notice of Leave Restriction; (g) on March 9, 2017, her supervisor issued her a Notice of AWOL; (h) on May 19, 2017, her supervisor gave her a Notice of Leave Restriction; and (i) on June 24, 2017, she was suspended Complainant for five days.

Dismissed Issues, Consolidations & Amendments:

There are no dismissed claims. There are no other EEO complaints or grievances pending.[1]

Discovery:

The parties were notified of their right to seek discovery prior to the hearing in accordance with 29 C.F.R. § 1614.109(d). The parties must cooperate with each other in honoring discovery requests. The parties are expected to initiate and complete needed discovery with a minimum (if any) intervention by the Administrative Judge. Copies of discovery requests *i.e.* interrogatories, requests for production of documents, requests for admissions, deposition notices and transcripts, and responses to such should not be sent to the Administrative Judge except in cases when a motion to compel discovery and they are attached to the motion as set out below.

The parties shall initiate discovery no later than September 11, 2019. Sanctions will be imposed for a party's failure to timely initiate/begin discovery as instructed and the party who so fails, will be precluded from obtaining discovery. Any motion to compel untimely initiated discovery will be denied. Unless a timely motion to extend discovery is granted, discovery shall be completed no later than November 20, 2019. Unless absolutely necessary, extensions to the period of discovery will not be granted.

In the absence of good cause, if a party does not submit a timely discovery request, the Administrative Judge will determine that the party has waived the right to pursue discovery.

---

[1] There is a pending case before the Merit Systems Protection Board involving the termination of Complainant's employment.

A. Discovery shall be completed as directed above by Administrative Judge. If the parties agree between themselves to extend discovery deadlines that would in turn extend the established deadlines, the parties must first seek the Administrative Judge's prior approval.

B. The method and scope of discovery shall be subject to the following:

1. Interrogatories shall be limited to one set. The set of interrogatories shall contain no more than thirty (30) questions including subparts.

2. Requests for production of documents must be specific and identify the documents or types of documents requested. Requests for production of documents shall contain no more than thirty (30) requests including subparts.

3. Requests for admissions shall not exceed thirty (30) in number including subparts. This limit does not apply to admissions relating to the authenticity of documents.

4. The agency must make employees available for deposition and for interviews. In addition, the agency must arrange for the appearance at deposition of former employees currently employed by the federal government.

Responses to requests for discovery are due within 30 calendar days from receipt of the request. Requests for discovery and objections to such request must be specific. A Notice of Deposition does not require a written response. However, any objection to a Notice of Deposition must be promptly served on the moving party. Upon adequate notice, depositions may be noticed and taken at any time during the discovery period.

Discovery motions, including motions to compel discovery, must be filed within 10 calendar days after receipt of a deficient response or after the response to discovery is due, whichever first occurs. Motions to compel discovery (a) **must describe** what discovery is being sought, **why** it is being sought and its **relevance** to the complaint; (b) **must** be accompanied by (i) the discovery requests; (ii) responses thereto; and (iii) a declaration stating that the moving party has made a good faith effort to resolve the discovery dispute. The declaration shall indicate the efforts made to resolve the dispute and identify which items remain in dispute.

Statements in opposition to discovery motions must be filed within 10 calendar days of

receipt of the motion.  Rulings will be made based upon the written submissions.[2]  The failure to timely file objections to discovery may result in the objections being deemed waived even if the objection(s) would otherwise be valid.

Motion for Summary Judgment/Decision Without a Hearing:

Unless an extension is granted by the Administrative Judge, a Motion for a Decision without a Hearing (Summary Judgment) must be filed no later than fifteen days following the close of discovery.[3]  Pursuant to 29 C.F.R. §1614.109(g)(1), a party may file a Motion for Summary Judgment if that party believes that some or all material facts are not in genuine dispute and there is no genuine issue as to credibility.  **A motion for Summary Judgment must include a statement of the undisputed material facts.**  Excluding exhibits which may be attached, without prior approval of the Administrative Judge, Summary Judgment Motions or responses thereto, must not exceed fifteen pages.[4]  The opposing party will have fifteen (15) calendar days from receipt of the motion in which to file a response; the moving party will then have five (5) calendar days from receipt of the response to file a reply.  Sur-replies are not authorized.  A Motion for Summary Judgment and responses to such motions shall contain specific citations to referenced evidence *e.g.* citations to specific pages of the report of investigation or other evidence submitted in support of a motion or response thereto.

The Administrative Judge may issue Summary Judgment on his own initiative pursuant to 29 C.F.R. §1614.109(g)(3).  The Administrative may also dismiss a complaint on his own initiative pursuant to 29 C.F.R. §1614.107(a).

## GENERAL REQUIREMENTS
### CORRESPONDENCE AND MOTIONS

Each party must provide the opposing party with a copy of all correspondence that he/she sends to the Administrative Judge. The attachment of a certificate of service may demonstrate

---

[2] In the event that the Motion to Compel Discovery clearly establishes that discovery should be compelled an Order Compelling Discovery may be issued prior to the ten day period to file a response.

[3] In the event the period of discovery is extended by Order of the Administrative Judge, the time by which a Motion for Summary Judgment is automatically extended to fifteen days after the close of the new discovery period. Take notice that the Administrative Judge may grant extensions to file dispositive motions beyond fifteen days after the close of discovery especially if a hearing has not been scheduled.

[4] Margins may not be less than one inch all around; body may not be less than double space with twelve point font.

that the opposing party was provided a copy. Failure to provide a copy of submissions to the opposing party may result in return of such submissions without it being given any consideration. The parties are reminded of their ongoing obligation to keep this office informed of their current mailing address as well as to any changes to their email address. Other than to clarify a procedural issue or during alternative dispute resolution (i.e. mediation or settlement judge conference), it is inappropriate for the parties to engage in ex parte (one-sided) communication with an Administrative Judge.   In addition, email communication with the Administrative Judge not intended to file separate pleadings is not appropriate.   Such emails will be disregarded and returned without being given any consideration.

Extensions of filing dates and postponements will not be granted, absent a prompt request in writing and a showing of good cause.[5]   Requests for extension must be filed prior to the expiration of the subject deadline.   Failure of Complainant to obtain representation, or failure by the agency to assign this matter to a representative, will not be grounds for postponement or extensions.   In additions, requests for extensions/adjournments will not be granted merely to allow the parties to engage in settlement negotiations.

On any request or motion, the requesting party shall attempt to make and state that he/she has made a good faith effort to resolve the matter with the non-moving party and, where appropriate, indicate whether the opposing party has an objection to the request or motion. All motions should be accompanied by a proposed order (in word format) granting the relief requested in the motion.

All pleadings and correspondence must be filed *via* the FedSep Portal and/or electronically by email addressed to the undersigned Administrative Judge.   Email correspondence to the Administrative Judge is limited to the filing of pleadings/correspondence. The email should not contain any communication to the Administrative Judge other than to identify the pleading/correspondence being filed.   Any such e-mail not intended to file pleadings/correspondence constitutes an improper attempt to communicate with the Administrative Judge *via* e-mail and will result in not giving that communication any consideration.   In addition, the Administrative Judge should not be copied on communications

---

[5] In the event that a Motion for Extension is made very close in time to the due date or event at issue, an explanation must be included detailing why the Motion for Extension could not have been filed earlier.

between the parties that do not involve pleadings (motions).   In addition, take notice that facsimile transmissions will not be accepted and will be disregarded.

## SANCTIONS FOR FAILURE TO FOLLOW ORDERS

Any party's failure to follow this Order or other orders of the Administrative Judge is subject to sanctions.  29 C.F.R. § 1614.109(f)(3).  Where appropriate, the Administrative Judge will among other sanctions, impose such sanctions as:

(A) Draw an adverse inference that the requested information, or testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

(B) Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(C) Exclude witnesses or other evidence offered by the party;

(D) Grant or deny costs, attorney fees, default judgment;

(E) Issue a decision fully or partially in favor of the opposing party.

It is SO ORDERED.

**William Rodriguez**
**Administrative Judge**
**U.S. Equal Employment Opportunity Commission**
**Miami District Office**
**100 SE 2nd Street, Suite 1500**
**Miami, Florida 33131**
**305.808.1776**
**w.rodriguez-efilebox@eeoc.gov**

Page 6 of  7

Certificate of Service

For timeliness purposes, it shall be presumed that the parties received the attached Order within on the same day when sent *via* FedSep/electronically.   The foregoing was sent on August 22, 2019, to:

Chungsoo J. Lee
*via* FedSep/electronic mail at: cslee@eeo21.com

Delta Harris
*via* FedSep/electronic mail at: deltaharris7@gmail.com

Cecelia Townes, Esq.
*via* FedSep/electronic mail at: cecelia.townes@sol.doi.gov


William Rodriguez
Administrative Judge

**To Reuse Envelope:** **1** Peel off old labels **2** Fold this flap down **3** Expose adhesive **4** Fold top flap down **5** Press this flap up to seal



Call **1-800-PICK-UPS®** (1-800-742-5877) or visit **UPS.com®**.

**Domestic Shipments**
- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
- The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

# Reusable Express Envelope
## Letter Size

Reduce paper waste by using this envelope a second time – either to return to sender or with another recipient. See reuse instructions on flap above.

## Decision Green℠

Decision Green is UPS's environmental platform, reflecting our pursuit of sustainable business practices worldwide. For example, this envelope is made from 100% recycled material and is both reusable and recyclable.

**100% Recycled fiber**
**80% Post-Consumer**

UPS NEXT DAY AIR

TRACKING #: 1Z V9F 297 24 6866 2433

BILLING: P/P
SIGNATURE REQUIRED