UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14164-CIV-ROSENBERG/MAYNARD

**DELTA DANIELLE HARRIS**,

    Plaintiff,

v.

**DEB HAALAND, Secretary**
**United States Department of the Interior**,

Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). DE 18. The District Court has referred this case to me for all non-dispositive matters and for a Report and Recommendation for any dispositive issues pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. DE 7. I have reviewed the Motion to Dismiss, the Response (DE 19), the Reply (DE 20) and the record. Being otherwise duly advised, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** for the reasons stated below.

Plaintiff filed her complaint on April 12, 2021[1] alleging that she "was harassed, discriminated against, and subjected to a hostile work environment based on disability . . . reprisal . . ., prior sexual harassment complaint—ongoing EEO activity, and disparate treatment."[2] DE 1

---

[1] Plaintiff dated the complaint as having been signed on March 31, 2021; however, the Clerk of Court stamped it as filed on April 12, 2021. DE 1 at 1, 5.

[2] Plaintiff's charges of hostile work environment, sexual harrassment and failure to accommodate are also the subject of another lawsuit in this District, Case No. 20cv14195 ("Related Case"). Defendant has filed a motion to dismiss in the Related Case on grounds that Plaintiff seeks an untimely appeal of the Merit Systems Protection Board's decision that was stated to become final on December 23, 2019, which decision informed Plaintiff that appeals of cases of discrimination

at 6.  Plaintiff brought her action "pursuant to . . . "[the] Civil Rights Act of 1964, Title VII" and "42 U.S.C. §§ 12112 to 12117, Americans with Disabilities Act of 1990" (the "ADA")."[3]  *Id.* at 3.

On July 30, 2021, Defendant filed the instant Motion to Dismiss.  DE 18.  Defendant moves for dismissal on grounds that Plaintiff's suit is untimely.  *Id.* at 2-3.  Specifically, Defendant argues that Plaintiff failed to file her civil action in federal court "within the ninety-day time period mandated by Title VII[,]" which procedure is likewise to be followed for claims under the Rehabilitation Act.  *Id.* at 3 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148-52 (1984) (affirming district court's finding that plaintiff "forfeited her right to pursue her claim under Title VII of the Civil Rights Act of 1964 because of her failure to file a complaint . . . within 90 days of her receipt of the right-to-sue letter"); 29 C.F.R. § 1614.407).

Here, Plaintiff's complaint confirms that her suit is untimely.  Plaintiff attached to her complaint a copy of a Final Order of the United States Department of the Interior dated November 16, 2020, stating that "[t]he U.S. Department of the Interior is fully implementing the [Equal Employment Opportunity Commission's ("EEOC's")] Order."  DE 1 at 10, 12.  The Final Order provided a statement of notice and rights to appeal ("Notice").  DE 1 at 10-12.  The Notice informed Plaintiff, in relevant part, that

---

must be filed in the appropriate U.S. District Court within a thirty (30) day timeframe.  Compl. at 12, 38, 43, *Harris v. Haaland*, No. 20-14195-CIV-RLR (S.D. Fla. Jun. 18, 2020), ECF No. 1.

[3] The ADA does not apply to the federal government.  Therefore, I construe Plaintiff's ADA allegations as claims under the Rehabilitation Act.  *Moseley v. Lynch*, No. 17-15494-GG, 2018 WL 5822068, at *1 (11th Cir. Oct. 30, 2018) (noting that "because the ADA does not apply to employment by the federal government or its agencies, the District Court construed [plaintiff]'s claims as being raised under the Rehabilitation Act, which governs claims of discrimination by a federal agency on the basis of disability").  Furthermore, as Defendant observes, Plaintiff also raises claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.*  DE 18 at 2.

> The Appellant . . . has the right to file a civil action in an appropriate United States District Court. If the Appellant decides to file a civil action, the Appellant must file:
>
> - Within ninety (90) calendar-days of receipt of the Final Decision, if no appeal has been filed.

*Id.* at 11-12. *See also* 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by a[n] . . . agency . . . on a complaint of discrimination based on race, color, religion, sex or national origin . . . an employee . . . may file a civil action . . . .").

Because the final agency decision ("Decision") in the instant case was issued on November 16, 2020, Plaintiff had ninety (90) days, or until February 14, 2021, to file suit in federal court. Plaintiff, however, did not file suit until April 12, 2021. DE 1. Plaintiff does not deny the fact the complaint was untimely. DE 19 at 1. Rather, Plaintiff attests that the United States Postal Service failed to deliver the complaint to the court "by February 8, 2021." *Id.* Therefore, Plaintiff states that she "resent the original Complaint . . . which was docketed after the 90 day deadline." *Id.* at 2. Plaintiff's claim that she mailed her "original complaint" before the due date and the post office failed to deliver it on time does not make sense, however, since the complaint that was filed says it was signed on March 31, 2021. If she "resent the original complaint" as claimed, it would not be dated March 31, 2021. *See* DE 1 at 5, 36, 40. Therefore, I conclude that Plaintiff did not file her complaint within the required timeframe, nor does she provide any reason why good cause exists to excuse her untimeliness. *See Williams v. Georgia Dep't of Def. Nat. Guard Headquarters*, 147 F. App'x 134, 136 (11th Cir. 2005) (affirming dismissal of complaint where plaintiff neither filed his complaint within the required 90-day period nor met his burden to demonstrate entitlement to equitable tolling).

Furthermore, Plaintiff's argument that Defendant was untimely in issuing the Decision is of no moment. DE 19 at 2-3. Plaintiff contends that the Decision was issued two months late

3

because it should have been issued forty days after the EEOC's final decision on August 7, 2020. *Id.* In other words, Plaintiff contends that the Decision should have issued on September 16, 2021 rather than on November 16, 2021. *Id.* As Defendant correctly argues, however, agencies were allowed to delay taking final action on decisions during the pandemic. DE 20 at 2. Indeed, the EEOC's final decision attached to Plaintiff's complaint included a notice regarding the tolling of timeframes during the pandemic.[4] DE 1 at 20-21. Moreover, even if the Decision was issued late, that fact would not change the requirement for Plaintiff to file suit within 90 days. Thus, I do not find Plaintiff's arguments persuasive. As such, for the reasons stated above, I find that Plaintiff's complaint is time-barred.

Accordingly, I **RECOMMEND** that Defendant's Motion to Dismiss (DE 18) be **GRANTED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to-factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn.*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. 4. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then

---

[4] The notice provision states: "Agencies are advised to refer to the April 6, 2020 memo issued by Carlton Hadden to the Federal Sector EEO Directors and officials at http://www.eeoc.gov/processing-information-all-parties-federal-eeo-processing-under-29-cfr-part-1614 for information and directives regarding the tolling of timeframes during the pandemic. EEOC will not sanction an agency that holds off on taking final actions pursuant to the directives of the memo." DE 1 at 20-21.

that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 25th day of October, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE